**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

vs.                                                            Case No. 6:12-cr-228-Orl-37KRS

CASEY DICKERSON

**ORDER**

This matter is before the Court on the Government's Motion to Close the Courtroom During Testimony of Minors (Doc. 40), filed December 6, 2012. The Court set the motion for hearing on December 12, 2012. (Doc. 42.) No opposition has been filed by Defendant, and no interested parties have appeared that oppose the motion.

**BACKGROUND**

The indictment in this case charges Defendant with knowingly engaging in aggravated sexual abuse in violation of 18 U.S.C. § 2241(a), and knowingly engaging in sexual abuse of a minor in violation of 18 U.S.C. § 2243(a).

The Government moves for the closure of the courtroom during the testimony of two minor witnesses. The witnesses, J.B. and S.W., were both fifteen years old at the time of the crimes charged in the indictment and are now sixteen years old. The Government intends to call J.B., who is the victim, to testify in this case. It also intends to call S.W. to testify.

J.B. and S.W. have informed the Government that they feel uncomfortable testifying in public in this case. The minors and their families also expressed their wishes that the courtroom be closed during the minors' testimony.

**STANDARDS**

A victim of a crime has "[t]he right to be treated with fairness and with respect for [his or her] dignity." 42 U.S.C. § 10606(b)(1). There are special protections for minor victim witnesses:

> When a child testifies the court may order the exclusion from the courtroom of all persons, including members of the press, who do not have a direct interest in the case. Such an order may be made if the court determines on the record that requiring the child to testify in open court would cause substantial psychological harm to the child or would result in the child's inability to effectively communicate. Such an order shall be narrowly tailored to serve the Government's specific compelling interest.

18 U.S.C. § 3509(e). In addition to courtroom closure, a court may "issue an order protecting a child from public disclosure of the name or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." *Id.* § 3509(d)(3)(A).

The protection of minor witnesses must be balanced against the qualified right of access to criminal trials enjoyed by the press and the public. *Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982). To overcome the presumption of openness, it must be shown "that the denial [of the presence of the press and the public] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." *Id.* at 607. The U.S. Supreme Court has recognized that safeguarding a child's well-being can be a compelling interest, depending on "the minor victim's age, psychological maturity and understanding, the nature of the crime, the desires of the victim, and the interests of parents and relatives." *Id.* at 607–08. In order for courtroom closure to be narrowly tailored, the court must consider reasonable

alternatives and the closure must be no broader than necessary to protect the compelling interest. *Waller v. Georgia*, 467 U.S. 39, 48 (1984).

## DISCUSSION

*1. Courtroom Closure*

In this case, in which the Government intends to call the minor victim of a sexual assault to testify, the Court finds as follows. Requiring the minor victim and a minor witness to the crimes alleged in the indictment to testify in open court would cause them substantial psychological harm and would result in their inability to effectively communicate. It is expected that the minor witnesses will be asked to testify about a sexual assault that is alleged to have occurred in international waters on a cruise ship. One of the minor witnesses is the victim of the alleged assault. The second minor witness is expected to testify regarding the alleged assault. The minor witnesses have expressed that they are not comfortable testifying in open court and their parents and relatives have expressed a desire for courtroom closure. (Doc. 40, pp. 1–2, 4.)

The Court finds that the minor witnesses, due to their young age and the traumatic circumstances and sexual nature of the charged crimes, would be psychologically harmed if required to testify in the presence of the press and the public with regard to the circumstances of this case. They would be subjected to embarrassment and loss of privacy, thereby rendering it difficult for the minor witnesses to testify in a full and unfettered fashion.

The Court has considered other alternatives to courtroom closure, including those outlined in 18 U.S.C. § 3509, and finds them insufficient to mitigate against the potential harms to the minor witnesses. Alternatives such as testimony by two-way

closed-circuit television or videotaped deposition,[1] while less restrictive, would cause psychological harm and inhibit testimony in the same way testifying in open court would. The concerns here are the protection of privacy and prevention of shame when testifying about alleged sexual crimes before strangers, and such concerns are not remedied by alternatives that allow the press and the public to see the minor witnesses. An alternative such as live-wire audio transmission would allow the press to obtain identifying information about the minor witnesses should that information be revealed during testimony. The Court does not have the ability or resources to provide for the redaction of the identifying information by the court reporter in such a system.

In sum, the Court finds that the compelling interest in protecting the minor witnesses from embarrassment, in order to avoid psychological harm and allow the minor witnesses to effectively testify, outweighs the interests of the press and the public in keeping the proceeding open. The Court thus finds courtroom closure both warranted and constitutionally permissible.

*2. Protective Order*

The Court further construes the Government's motion, which quotes 18 U.S.C. § 3509(d)(3) and uses the initials rather than names of the minor witnesses (Doc. 40), as a request for a protective order protecting the public disclosure of the minor witnesses' identities. The Court determines that public disclosure of the names or other identifying information concerning each child would be detrimental to them based on the foregoing discussion of psychological harm. The Court agrees that the well-being of the minor witnesses requires that their identities be protected. *Cf.* Fed. R. Crim. Pro.

---

[1] As for providing the witnesses testimony via a videotaped deposition, the Court notes that the Government has not applied for an order to take such a deposition and the time to do so has passed.

49.1(a)(3).

## CONCLUSION

Accordingly, it is hereby **ORDERED and ADJUDGED**:

(1) Government's Motion to Close the Courtroom During Testimony of Minors (Doc. 40) is **GRANTED**.

(2) The Court will close the courtroom to the public during the testimony of the minor witnesses. Only the litigants, courtroom personnel, case agents, victim advocates, and immediate family members of the victims may remain in the courtroom.

(3) The Court issues a protective order pursuant to 18 U.S.C. § 3509(d)(3). The parties and their counsel are **DIRECTED** to refer to the two minor witnesses identified by the Government only by their initials and to avoid publicly disclosing or eliciting from witnesses any other identifying information of the minor witnesses. Counsel shall inform their witnesses in advance of their testimony of the Court's Protective Order and prepare them to testify in accordance with this ruling.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 12, 2012.

ROY B. DALTON JR.
United States District Judge

Copies.

5